GRAVIESS v. GRAVIESS.

1. REVIEWING COURT WILL NOT DISTURB ORDER AS TO CUSTODY OF CHILDREN EX-
CEPT FOR GRAVE MISTAKE OR ABUSE OF DISCRETION.

In divorce proceedings the care and custody of children is a question ad-
dressing itself to the sound discretion of the trial court, and when this
discretion has been exercised, a reviewing court will not interfere with
or disturb an order with reference thereto, unless there has been a
serious error or an abuse of discretion.

2. CONTINUING JURISDICTION OF COURT AS TO CHILDREN OF DIVORCED PARENTS
CANNOT BE USED MERELY TO REOPEN FORMER ADJUDICATION.

A trial court has a continuing jurisdiction as to the care and custody of
the children of divorced parents, but it is not authorized to reopen ques-
tions relative thereto previously submitted and adjudicated, unless a sub-
stantial change has taken place in the condition of the parties, which
requires a modification of the former order.

Graviess v. Graviess.

3. WEALTH OF RELATIVES MUST NOT CONTROL DECISION OF COURT AS TO CUSTODY OF CHILDREN.

In determining questions relative to the custody of children of divorced parents, the wealth and prosperity of relatives should not be given an undue and exaggerated consideration and will not control as against the interests and rights of the mother, especially when it appears that such relatives owe no duty to the children.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**E. T. Brown,** for plaintiff in error.

**E. M. Ballard,** for defendant in error.

JELKE, J.

This is a proceeding in error prosecuted to an order of the court of common pleas, made January 17, 1905, modifying a former decree of that court as to the custody of children.

On November 26, 1901, the court of common pleas decreed a divorce between George F. Graviess and Elizabeth Graviess for the aggression of the husband, and in that decree confided the care, custody, education and control of the children, Helen, Alice and Edna, to the wife. In violation of this order said George F. Graviess took the children out of the jurisdiction of the court but soon thereafter returned the child, Helen, to its mother. In January, 1905, said George F. Graviess having returned to and within the jurisdiction of said court of common pleas, was brought before that tribunal for contempt, and fined and punished therefor; and the matter of the custody and care of the minor children came on for consideration under a motion to modify the former decree. It is error to the order made upon this motion that is under consideration here, and the chief ground of error alleged is, that said order and decree is contrary to, and against, the weight of the evidence introduced at this latter hearing.

The care and custody of children in divorce proceedings is a continuing matter in the trial court, and one which addresses itself to the sound discretion of that court. When that discretion is exercised, a reviewing court is very loath to disturb or interfere with any order. It is said that such order will only be inquired into on a charge of abuse of discretion. While we do not like to say in this case that the discretion vested in the trial court has been abused, we are impressed by the record that a grave mistake has been made. The continuing jurisdiction of a court of common pleas in the matter of the custody of children, does not mean that that court may change its former orders

and decrees at any time because the court may have changed its mind. This continuing jurisdiction to modify former orders is not to be used for the purpose of a rehearing of the matter theretofore submitted and adjudicated, but is only to be called into exercise when a substantial change has taken place in the condition of the parties, which would call for, and require, a modification of the former order. See case of *Pfau* v. *Pfau*, 4 Circ. Dec. 281 (8 R. 87); opinion per Smith, J., of this court.

Again, at this latter hearing, it seems to us that an undue and exaggerated consideration was given to the wealth and affluence of the married sister of the said George F. Graviess. The mere fact that through the prosperity of relatives and connections, who owed the said George F. Graviess no duty, and absolutely no duty to these minor children, superior advantages could be afforded them, furnishes little or no reason for taking them away from the mother to whose care they had been confided. Of course material advantages may be somewhat considered, but they are not controlling, and the mother's care and influence in this case, we think, should have outweighed them.

We are therefore of the opinion that the order of January 17, 1905, should be reversed, and this cause remanded to the court of common pleas for further examination and consideration.

**Swing** and **Giffen, JJ.,** concur.